FRANCY et al. v. EMPIRE FIRE CLAY Co.

*(Circuit Court, S. D. Ohio, E. D.* September 3, 1891.)

PATENT NO. 370,437 — MANUFACTURE OF WALL COPING — EXTENT OF CLAIM — PATENTABILITY.

Letters patent No. 370,437, dated September 27, 1887, John Francy and others present owners, claiming an improved method of manufacturing wall coping by moulding two complete coping sections into a single article having reduced end portions, and drying and baking said article, and finally severing it at its reduced ends, cannot be construed to cover the "article of manufacture" described in the specifications, but must be limited to the "method of manufacture;" and this "method," in view of the state of the art, and British patents Nos. 2,458 issued in 1856, 2,018 issued in 1857 to Doulton, 3,136 issued in 1862 to Taylor, and 2,990 issued in 1878, and of United States patent No. 211,618 issued January 28, 1879, to H. B. Comb, does not involve invention or patentability.

In Equity.
Bill by John Francy and others against the Empire Fire Clay Company for infringement of patent. Dismissed.
*Harrison, Olds & Henderson,* for complainants.
*Wm. L. Pierce,* for respondent.

JACKSON, J. This is a suit for alleged infringement by defendant of letters patent No. 313,583, dated March 10, 1885; No. 370,437, dated September 27, 1887; and No. 371,574, dated October 18, 1887,—of which the complainants are the present owners. At the hearing complainants abandoned their claim that patents Nos. 313,583 and 371,574 were infringed by respondent, and relied alone upon the infringement of patent No. 370,437, relating to wall coping. The claims of said patent are the following:
"(1) The improved method herein described of manufacturing wall coping, the same consisting of moulding two complete coping sections together in a single article, drying and baking said articles, and finally severing the sections as specified. (2) The improved method of manufacturing wall coping herein described, the same consisting of moulding two complete coping sec-

tions together in a single article having reduced end portions, for the purpose specified, drying and baking said article, and finally severing it at its reduced ends in two complete sections of coping, as specified."

Respondent admitted that it had practiced the "method" set forth in said claims, by making wall coping in duplicate sections out of clay in a sewer pipe press, which, after being dried and baked, could be severed into two sections when ready for use, but it alleged that the patent did not involve invention, if new; that it was not new, in view of four British patents,—No. 2,458 issued in 1856, No. 2,018 issued in 1857 to Doulton, No. 3,136 issued in 1862 to Taylor, and No. 2,990 issued in 1878,—and of letters patent of the United States No. 211,618 to H. B. Comb, dated January 28, 1879. It is further claimed by the defendant that the "method" of manufacture covered by said claims of patent No. 370,437 was old in the art, having previously been applied to other clay products, such as sewer-pipe, tile and angle brick. The complainants contend that the claims of their patent, especially the second, cover the article of manufacture as described in the specifications and descriptive part of the letters patent. This contention of the complainants cannot be sustained. The claims and the state of the art admit of no such construction. Furthermore, it appeared from the file-wrapper and contents introduced in evidence that the patentee's claims for a new article of manufacture were repeatedly rejected by the patent-office upon reference to prior British and American patents, which need not be specially mentioned. His article of manufacture having been adjudged old, and anticipated in other patents, and therefore rejected by the patent-office, and he having acquiesced in such rejection, he, and those deriving title from or under him, cannot now have the claims of the patent finally issued so construed as to include what was thus rejected. Under such circumstances, it is well settled that the claims cannot by construction, or by reference to the specifications, be made to cover or embrace what the patent-office had previously adjudicated and rejected as old. Complainants are therefore limited to the "method of manufacturing" wall coping described, and this method, in view of the state of the art and prior letters patent set up in defense, did not involve invention or patentability. Again, if the letters patent sued on could be construed to cover the article of manufacture, and could be sustained, there is no infringement thereof by defendant, whose article of wall coping differs in many essential particulars from that of complainants. Respondent's admission in its answer, that it has practiced the "methods of manufacture" described in the two claims of the patent, should not be construed into an admission that its "article" of manufacture is the same as that of complainants. The fact is clearly otherwise, as may be seen by simple inspection of the two "articles." The nature of the art, and the character of the improvement sought to be patented, assuming that the patent covers the "article of manufacture," are not such as to entitle the complainants to invoke the doctrine of equivalents. The conclusions of the court upon the whole case are that claims 1 and 2 of letters patent No. 370,437 cannot be construed to cover the "article of man

ufacture" described in the specifications, but should be limited and confined to the "method of manufacture;" that this "method of manufacturing," in view of the state of the art and of prior letters patent, (English and American,) is without novelty, and not the subject of a patentable invention; that if the "article" of manufacture was covered by the claims, and valid to that extent, the defendant's "article" of wall coping does not infringe complainants'; and that complainants' bill should therefore be dismissed, with costs to be taxed; and it is accordingly so ordered.